UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHYIRONDA RICHARDSON,
Individually and as Legal Guardian of
JOE RICHARDSON, III,
a Legally Incapacitated Individual,

       Plaintiff,

v

TIME MANUFACTURING COMPANY,
a foreign corporation,

       Defendant.
_____/

Case No. 5:05-cv-27

Hon. Wendell A. Miles

<u>ORDER ON PENDING MOTIONS</u>

This diversity removal action is currently before the court on motions filed by both parties: (1) a motion by defendant Time Manufacturing Company ("Time") to strike the testimony of plaintiff's experts and for summary judgment (docket no. 68), and (2) a motion by plaintiff Chyironda Richardson in limine and/or for partial summary judgment on the issue of non-party fault (docket no. 70). Both motions are opposed. Both motions are DENIED.

**Discussion**

On February 9, 2001, Joseph Richardson was seriously injured when he became pinned under a rafter while using an aerial bucket lift to perform work on a garage door at a Muskegon auto dealership. Defendant Time designed and manufactured the lift, known as the Versalift model B-24G. At the time of his injury, Richardson was employed by Reliable Overhead Door and Gate Systems ("Reliable"), which owned the Versalift. In this action, plaintiff Chyironda

Richardson, the wife of Joseph Richardson, is suing Time both on behalf of herself and as legal guardian of her husband, alleging that Time is liable for problems in the design and/or manufacture of the Versalift which caused Joseph's injuries.

In its motion, Time seeks the exclusion of expert testimony expected to be offered by plaintiff's experts William J. Vigilante, Jr. and James A. Muto. Specifically, defendant objects that the testimony of both Vigilante, a human factors psychologist, and Muto, an engineer, is inadmissible under Fed.R.Civ.P. 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993). In the court's view, however, Time's objections to the proposed testimony of these two witnesses go to weight, and not admissibility. The court therefore denies the motion to strike. Moreover, because Time's motion for summary judgment is based solely on plaintiff's being denied this expert testimony in support of their claims, the court also denies Time's dispositive motion.

In her own motion, plaintiff seeks an order "striking" or "dismissing" the notice of non-party fault filed by Time and naming Joseph Richardson's employer, Reliable, as a non-party potentially at fault in causing Richardson's injuries. According to Time, employees of Reliable may have altered or circumvented the electronic and/or mechanical functioning of the Versalift in a manner which caused the bucket lift to shift into gear without warning. However, plaintiff argues that because Michigan's worker's disability compensation law recognizes no duty or cause of action against Reliable absent an intentional tort, the employer is not a proper non-party as to whom fault may be determined. Under the circumstances, plaintiff argues, Time should be precluded from seeking an apportionment or allocation of fault to Reliable pursuant to M.C.L. § 600.2957.

Plaintiff's motion is not in actuality a proper motion either to strike or for partial summary judgment. Plaintiff's motion may not be considered as a motion to strike a pleading within the meaning of Fed.R.Civ.P. 12(f), because Time's notice of non-party fault is not a "pleading" within the meaning of Fed.R.Civ.P. 7(a). The notice may therefore not be stricken under Rule 12(f). In addition, plaintiff's motion is not properly considered as one for partial summary judgment. Although Fed.R.Civ.P. 56(c) permits the rendering of interlocutory summary judgments on the issue of liability alone, plaintiff's motion is not such a motion insofar as it addresses only whether fault is to be attributed to a non-party. Moreover, although Fed.R.Civ.P. 56(d) provides for the entry of order specifying the material facts in dispute, plaintiff's motion is likewise not such a motion.

Plaintiff's motion may, however, be cognizable as a motion in limine. The motion seeks to preclude the jury from allocating a percentage of fault to non-party Reliable, essentially asking the court to rule that reference to Reliable must be omitted from the verdict form.[1]

According to subsection (1) of M.C.L. § 600.2957, which applies in this diversity action,

> In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.

Subsection (3) of M.C.L. 600.2957 further provides that the statute

---

[1] Plaintiff's motion does not request an evidentiary ruling on the question of whether Time may introduce evidence that Joseph Richardson's injury was caused by Reliable. Because no in limine ruling has been requested on this evidentiary issue, this order does not address whether such evidence would be admissible.

3

>do[es] not eliminate or diminish a defense or immunity that currently exists, except as expressly provided . . . . Assessments of percentages of fault for nonparties are used only to accurately determine the fault of named parties. If fault is assessed against a nonparty, a finding of fault does not subject the nonparty to liability in that action and shall not be introduced as evidence of liability in another action.

M.C.L. § 600.2957 references "section 6304," or M.C.L. § 600.6304, which provides in pertinent part as follows:

>(1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death involving fault of more than 1 person, including third-party defendants and nonparties, the court, unless otherwise agreed by all parties to the action, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings indicating both of the following:
>
>(a) The total amount of each plaintiff's damages.
>
>(b) The percentage of the total fault of all persons that contributed to the death or injury, including each plaintiff and each person released from liability under section 2925d, regardless of whether the person was or could have been named as a party to the action.
>
>(2) In determining the percentages of fault under subsection (1)(b), the trier of fact shall consider both the nature of the conduct of each person at fault and the extent of the causal relation between the conduct and the damages claimed.
>
>(3) The court shall determine the award of damages to each plaintiff in accordance with the findings under subsection (1), subject to any reduction under subsection (5) or section 2955a or 6303, and shall enter judgment against each party, including a third-party defendant, except that judgment shall not be entered against a person who has been released from liability as provided in section 2925d.
>
>(4) Liability in an action to which this section applies is several only and not joint. Except as otherwise provided in subsection (6) [applicable to actions asserting medical malpractice claims], a person shall not be required to pay damages in an amount greater than his or her percentage of fault as found under subsection (1). This subsection and section 2956 do not apply to a defendant that is jointly and severally liable under section 6312.

4

* * *

    (8) As used in this section, "fault" includes an act, an omission, conduct, including intentional conduct, a breach of warranty, or a breach of a legal duty, or any conduct that could give rise to the imposition of strict liability, that is a proximate cause of damage sustained by a party.

Neither party has cited any controlling published precedent addressing whether a plaintiff's employer may be deemed a non-party at fault for purposes of these statutes. The court, having carefully considered the question, concludes that Michigan authorizes allocation of fault to Reliable on the jury verdict form.

Michigan's Worker's Disability Compensation Act contains an exclusive remedy provision which provides, quite simply, that "[t]he right to recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury[,]" with "the only exception" being "an intentional tort." M.C.L. § 418.131(1). This exclusivity provision is an example of the importance which the drafters of the statute placed on "simple, automatic remedies[,]" and "may be equated with the doctrine of strict liability, in that the employee is guaranteed some limited compensation for injury from the employer, while the employer rests assured that, in the ordinary case, it is immune from further suit by the employee based on the same accident." Downie v. Kent Products, Inc., 420 Mich. 197, 362 N.W.2d 605, 613 (1984), amended, 421 Mich. 1202, 367 N.W.2d 831 (1985); see Luster v. Five Star Carpet Installations, Inc., 239 Mich. App. 719, 609 N.W.2d 859, 865 n.4 ("Although the worker's compensation scheme exposes covered employers to strict liability arising from employees' job related injuries . . . it also relieves employers of common-law tort liability pursuant to the exclusive remedy provision"), appeal denied, 463 Mich. 890, 617 N.W.2d 325 (2000); see also

Clark v. United Technologies Automotive, Inc., 459 Mich. 681, 594 N.W.2d 447, 450 (1999) ("Under this system, employers provide compensation to employees for injuries suffered in the course of employment, regardless of who is at fault. . . .  In return for this almost automatic liability, employees are limited in the amount of compensation they may collect from their employer, and, except in limited circumstances, may not bring a tort action against the employer").

In addition, however, Michigan has also replaced the common-law doctrine of joint and several liability among multiple tortfeasors with the doctrine of several liability, as reflected in M.C.L. § 600.2957.  Jones v. Enertel, Inc., 254 Mich. App. 432, 656 N.W.2d 870, 872 (2002), appeal denied, 469 Mich. 955, 671 N.W.2d 54 (2003).  As a result of Michigan's "fair share liability system," a tortfeasor is only responsible for a portion of the total damage award according to its percentage of fault.  Id.  As part of this system, M.C.L. § 600.6304(1)(b) requires that in personal injury actions involving the fault of more than one person, the court "shall instruct the jury to answer special interrogatories" which specify "[t]he percentage of total fault of all persons" contributing to the injury, "regardless of whether the person was or could have been named as a party."  Under M.C.L. § 600.6304(8), "fault" is expressly defined as including "*an act, an omission, conduct, including intentional conduct,* a breach of warranty, or a breach of legal duty, *or any conduct that could give rise to the imposition of strict liability,* that is a proximate cause of damage sustained by a party" (emphasis supplied).

Although Michigan's system recognizes limited exceptions to several liability, none of these apply here.  See M.C.L. § 600.6304(6) (medical malpractice claims); M.C.L. § 600.6312 (listing other specified instances where liability is joint and several).  Employers subject to

Michigan's worker's disability compensation system are not expressly excluded from the fault allocations required by M.C.L. §§ 600.2957 and 600.6304.  Indeed, because § 600.6304(8) defines "fault" to include both intentional conduct and conduct which could give rise to strict liability, the statute implicitly includes – as non-parties who may be assigned "fault" – employers whose acts, omissions, or conduct have proximately caused a claimed injury.  Michigan's statutes providing for allocation of percentages of fault are not ambiguous in this regard, when read together with the statutes establishing the state's worker's compensation scheme.  For this reason, plaintiff's motion must be denied.

**Motions denied.**

Ordered this 11th day of August, 2005.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge