UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHYIRONDA RICHARDSON,
Individually and as Legal Guardian of
JOE RICHARDSON, III,
a Legally Incapacitated Individual,

      Case No. 5:04-cv-27

   Plaintiff,

      Hon. Wendell A. Miles

v

TIME MANUFACTURING COMPANY,
a foreign corporation,

   Defendant.
_____/

ORDER ON MOTION IN LIMINE

This is a diversity personal injury removal action in which plaintiff Chyironda Richardson is suing defendant Time Manufacturing Company ("Time"). Plaintiff's claims arise from an incident in which her husband Joseph Richardson was seriously injured after becoming pinned under a rafter while using a hydraulic bucket lift to perform work on a garage door at a Muskegon auto dealership. Defendant Time designed and manufactured the lift, known as the Versalift model B-24G ("Versalift"). Plaintiff alleges that Time is liable for problems in the design and/or manufacture of the Versalift which caused Joseph's injuries.

The matter is currently before the court on a motion in limine filed by plaintiff (docket no. 80) seeking an order (1) barring the admission of a report regarding the incident prepared by Christopher Morano, an investigator for the Michigan Department of Consumer and Industry Services ("MIOSHA"), and (2) limiting the scope of Morano's testimony. For the reasons to follow, the court denies the motion.

**Discussion**

At the time of his injury, Joseph Richardson was employed by Reliable Overhead Door and Gate Systems ("Reliable"), a company which installs and repairs garage doors and gate systems and was the owner of the Versalift. After the incident, MIOSHA investigator Morano was assigned to conduct an investigation. Morano prepared a written narrative report documenting his investigation. In her motion, plaintiff argues that the court should bar admission of Morano's written report because it is inadmissible hearsay. Plaintiff also argues that the court should limit the scope of Morano's testimony "to only his first-hand observations," excluding any opinion testimony which Time might attempt to elicit.

Plaintiff has not provided the court with a copy of the report, nor has she provided the court with a copy of the transcript of portions of the deposition testimony of Mr. Morano which she has cited in her motion. It appears, however, that plaintiff objects to certain conclusions the investigator may have reached about the adequacy of Reliable's training of its employees.

With its response, Time has provided a copy of the report, in addition to certain portions Mr. Morano's deposition transcript. Time's position is that the report is admissible because it falls within the public records and reports exception to the hearsay rule contained in Fed.R.Evid. 803(8)(C). Rule 803(8)(C) provides that the following are not excluded by the hearsay rule even though the declarant is available as a witness:

> **(8) Public records and reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . **(C)** in civil actions and proceedings . . . , factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or

other circumstances indicate lack of trustworthiness.

As explained in the Advisory Committee notes to the rule, the justification for this exception "'is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record.'" Miller v. Field, 35 F.3d 1088, 1090 (6th Cir. 1994).

Plaintiff objects to the report on a number of bases.  First, plaintiff argues that Morano had no "personal knowledge of the events in question."  However, Rule 803(8)(C) does not require that the public officer making the report have personal knowledge of an incident.  Instead, all that is required is that the report set forth "factual findings resulting from an investigation made pursuant to authority granted by law."  Morano's report documents his investigation and is not excludable merely because he did not personally observe the incident which led to Joseph Richardson's injury.

Plaintiff also objects that the report contains hearsay because it refers to statements of persons not parties to the case.  Plaintiff argues that to allow the reports into evidence would be to allow "hearsay statements of workers into evidence without having to put them through the crucible of cross-examination or be placed under oath."  Brief in Support of Plaintiffs' Motion in Limine [unpaginated] at 4.

It is noted that plaintiff has not requested redaction of the report, but rather exclusion of the report in its entirety.  Because plaintiff has not identified which portions of the report she believes contain supposedly objectionable hearsay within hearsay, the court cannot address her objections at this time, and to that extent the motion must be denied at present.  See Engebretsen

3

v. Fairchild Aircraft Corp., 21 F.3d 721, 730-731 (6th Cir. 1994) ("The party opposing the admission of statements within a document has the burden of requesting redaction and forfeits the right to exclude the statements if he fails to make the specific request").  However, the court does note that at least two persons identified by name in the report – Dennis DeWeerdt and Todd Meeusen – are listed as witnesses in the Final Pretrial Order.  Therefore, it may be that plaintiff's concerns about the ability to cross-examine declarants may prove moot.  See Dallas & Mavis Forwarding Co., Inc., 659 F.2d 721, 722 (6th Cir. 1981) ("The trial process is better served when a biased eyewitness declarant is required to testify directly and to be subject to cross-examination"); see also Hines v. Brandon Steel Decks, Inc., 886 F.2d 299, 303 (11th Cir. 1989) (inability to cross-examine declarant is a proper factor to take into consideration when deciding trustworthiness).

Finally, plaintiff argues that the report is not admissible under Rule 803(8)(C) because it contains "subjective opinions of the author instead of his objective findings of fact."  Brief in Support of Plaintiffs' Motion in Limine [unpaginated] at 4.  Plaintiff contends that "[t]o be admissible under 803(8)(C), a report must first be a set of 'factual findings' and not the subjective conclusions of the author."  Id.  However, plaintiff fails to acknowledge the controlling authority of Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 109 S.Ct. 439 (1988), in which the Court held that

> portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion.  As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report.

4

Id., 488 U.S. at 170, 109 S.Ct. at 450 (footnote omitted).  After Rainey, there can be no doubt that "Rule 803(8)(C) allows for admissions of reports containing opinions and conclusions, as well as facts."  Miller, 35 F.3d at 1090.

Under Rainey and Rule 803(8)(C), it is the "trustworthiness inquiry – and not an arbitrary distinction between 'fact' and 'opinion'" – that offers "the primary safeguard against the admission of unreliable evidence, and it is important to note that it applies to all elements of the report."  Rainey, 488 U.S. at 167, 109 S.Ct. at 448-449.   The only "provision for escape" is contained in the final clause of Rule 803(8)(C):  "evaluative reports are admissible 'unless the sources of information or other circumstances indicate lack of trustworthiness.'"  Rainey, 488 U.S. at 167, 109 S.Ct. at 448.  The burden is on the objecting party to show that such a report is inadmissible because of a lack of trustworthiness.  Baker v. Elcona Homes Corp., 588 F.2d 551, 558 (6th Cir. 1978).  According to the Sixth Circuit decision in Baker, cited with approval by the Supreme Court in Rainey, 488 U.S. at 162, 109 S.Ct. at 446,

> In determining whether the 'sources of information or other circumstances' indicate lack of trustworthiness, the Advisory Committee Notes list four suggested factors for consideration: (1) the timeliness of the investigation; (2) the special skill or experience of the official; (3) whether a hearing was held on the level at which conducted, and (4) possible motivational problems.

588 F.2d at 558.

Here, plaintiff's sole attack on the trustworthiness of the report is based on what she anticipates will be an inability to cross-examine statements made by persons interviewed by Morano during his investigation.  However, as noted above, some of the persons interviewed for the report are listed as trial witnesses, and plaintiff will be able to cross-examine them about their

5

statements. Plaintiff has neither pointed to any other circumstances nor addressed any other factors which suggest a lack of trustworthiness. She has not met her burden of showing that the report is inadmissible, and her motion seeking an in limine ruling excluding the report is therefore denied.

Finally, plaintiff's motion also seeks an in limine ruling requiring that the investigator's testimony "be limited to factual evidence based on his observations, not opinion testimony that may have been derived from hearsay statements, which lack foundation and are irrelevant." Brief in Support of Plaintiffs' Motion in Limine [unpaginated] at 2. However, although it is apparent that investigator Morano has been deposed, plaintiff has failed in her motion to identify or provide the court with specific portions of his testimony which she believes objectionable, and she has likewise failed to cite to the specific evidentiary rule(s) which form the basis for her objections. Under the circumstances, her request for a pretrial ruling on unspecified objections must be denied.

**Motion denied.**

Ordered this 9th day of September, 2005.

/s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge