UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHYIRONDA RICHARDSON,
Individually and as Legal Guardian of
JOE RICHARDSON, III,
a Legally Incapacitated Individual,

  Plaintiff,            Case No. 5:04-cv-27

v                   Hon. Wendell A. Miles

TIME MANUFACTURING COMPANY,
a foreign corporation,

  Defendant.
_____/

ORDER ON PLAINTIFF'S "MOTION IN LIMINE AND/OR
MOTION FOR CLARIFICATION AND/OR RECONSIDERATION
OF ORDER DATED AUGUST 11, 2005 (REGARDING ASSESSMENT OF FAULT
TO PLAINTIFF'S EMPLOYER
AND LIMITING EXPERT TESTIMONY TO RULE 26(A)(2) DISCLOSURES)"

  This diversity removal action is currently before the court on a second motion filed by plaintiff seeking to limit the factfinder's consideration of the issue of non-party fault (docket no. 82). Defendant Time Manufacturing Company ("Time") has opposed the motion.

  For the reasons to follow, the court DENIES the motion.

**Discussion**

  On February 9, 2001, Joseph Richardson was seriously injured when he became pinned under a rafter while using an aerial bucket lift to perform work on a garage door at a Muskegon auto dealership. Defendant Time designed and manufactured the lift, known as the Versalift

model B-24G.  At the time of his injury, Richardson was employed by Reliable Overhead Door and Gate Systems ("Reliable"), which owned the Versalift.  In this action, plaintiff Chyironda Richardson, the wife of Joseph Richardson, is suing Time both on behalf of herself and as legal guardian of her husband, alleging that Time is liable for problems in the design and/or manufacture of the Versalift which caused Joseph's injuries.

Previously, the court denied a motion by plaintiff seeking a ruling which would have precluded the jury from allocating a percentage of fault to non-party Reliable.  In that motion, plaintiff argued that because Michigan's worker's disability compensation law recognizes no duty or cause of action for personal injury against an employer absent an intentional tort, Reliable was not a proper non-party as to whom fault could be attributed under M.C.L. § 600.2957.  On August 11, 2005, the court issued an order denying plaintiff's motion (Order on Pending Motions, docket no. 79).

In her current motion, plaintiff argues that the court's order did not address an alternative basis for her previous motion: that Time should not be permitted to assert a "new" theory or basis of assessment of fault which was not stated either in Time's Notice of Non-Party fault or in Time's Fed.R.Civ.P. 26(a)(2) expert witness disclosure.  Plaintiff argues that because this "new" theory was not stated in Time's submissions, she is entitled to an order precluding consideration of Reliable's fault and/or an order restricting the testimony of Time's expert to only those opinions which were stated in the Rule 26(a)(2) disclosure.

The crux of plaintiff's previous motion was that because no duty or cause of action existed as to Reliable under Michigan law, Time's Notice of Non-Party Fault naming the employer should be "dismissed" or otherwise stricken.  Plaintiff argued, in the alternative, that

2

the court should "grant partial summary judgment, dismissing [Time's] notice of nonparty fault as to [Reliable and its employees] with the limited exception of [Time's] ability to prove that those nonparties specifically intended to injure Joe Richardson or had actual knowledge that injury was certain to occur."  Plaintiff's Motion in Limine and/or Motion for Partial Summary Judgment on the Issue of Non-Party Fault (Regarding Plaintiff's Employer) (docket no. 70) at 3.  The court therefore construed plaintiff's motion as being based on (1) Michigan law's supposed requirement that Time establish an intentional tort in order to attribute fault to Reliable, and (2) the lack of evidence of an intentional tort.  The court construed plaintiff's second argument as dependent on her first and, having rejected the first argument, the court saw no need to separately address the second argument.

It is noted that contrary to what plaintiff currently suggests, she did not identify Time's alleged non-compliance with Rule 26(a)(2) as the basis for her earlier motion.  Instead, plaintiff argued that there was a lack of evidence to support Time's "sole basis" for attributing fault to Reliable:  that Reliable "altered, abused, or otherwise circumvented the electronic and/or mechanical functioning of the [Versalift]."  Brief in Support of Plaintiff's Motion in Limine and/or to Strike Defendant's Notice of Non-Party Fault (Regarding Plaintiff's Employer) (docket no. 71) at 17-19 (quoting Notice of Non-Party Fault (docket no. 16)).   Plaintiff argued, only by way of a reply brief, that Time should not be permitted to seek apportionment of fault to Reliable "on a basis that was neither plead nor disclosed in [Time's] Rule 26(a)(2) disclosures" because this would "substantially prejudice" her in countering Time's defense.  Plaintiffs' Reply to Defendant's Answer and Objection to Plaintiffs' Motion in Limine and/or Motion for Partial Summary Judgment on the Issue of Nonparty Fault (docket no. 77), at 17-19.  In its ruling, the

3

court concluded, *inter alia,* that Time's Notice of Non-Party fault could not be stricken pursuant to Fed.R.Civ.P. 12(f) because it was not a "pleading" within the meaning of Fed.R.Civ.P. 7(a). In its ruling, the court also observed that plaintiff had not requested an evidentiary ruling on the question of whether Time could introduce evidence that Joseph Richardson's injury was caused by Reliable. Order on Pending Motions at 3.

The court's earlier ruling on Michigan law was not ambiguous, and the court's ruling unequivocally denied plaintiff's motion to the extent that plaintiff sought to preclude the factfinder from assessing fault to Reliable. Under the circumstances, the court is uncertain why plaintiff seeks "clarification" of the ruling. Plaintiff's motion is therefore more properly viewed either as a motion for reconsideration of the court's conclusion that the Notice of Non-Party Fault was not a pleading which could be stricken, or, alternatively, a renewed motion in limine seeking restriction of the testimony of Time's expert witness, Dr. Charles Manning. Regardless of how plaintiff chooses to characterize her request, she is not entitled to the relief she seeks.

Plaintiff's current motion argues that Time should be prohibited at this stage in the case from asserting a "new" basis on which to attribute fault to Reliable: Reliable's allegedly inadequate training of its employees in the use and/or operation of the Versalift. Plaintiff's argument is premised on the assumption that Time's theory is a new one. However, plaintiff has conceded that as early August 27, 2004, Time made a Rule 26(a)(2) disclosure in which it provided a preliminary draft of the expert witness report of Dr. Charles Manning, an engineer, who opined, in pertinent part, as follows:

> According to MIOSHA data, it appears Mr. Richardson had very little experience and no formal training on the subject Versalift serial bucket lift.

\* \* \*

> The information also suggests that the personnel in the vicinity after the accident were unfamiliar with the operation of the equipment. . . . If these persons were familiar with the operation of the lift as described in the manual, Mr. Richardson could have been freed from his position in a much shorter time interval than the 10-15 minutes it reportedly took to free him.
>
> *   *   *
>
> Had the personnel who responded to the accident been familiar with the operation of the lift, they could have freed Mr. Richardson in a timely manner which likely would have substantially reduced his injuries.

Motion, Exhibit 1. Plaintiff would have had this report in her possession well in advance of the October 22, 2004 deposition of Todd Meeusen, the only other Reliable employee present at the time of the accident.

Plaintiff also concedes that after additional discovery, Time resubmitted Dr. Manning's report without change in January, 2005. Plaintiff therefore also had Dr. Manning's report in her possession when Dr. Manning was deposed on March 18, 2005. Given the opinions expressed in the report, plaintiff's current argument that neither of Time's disclosures "even hinted at any claim concerning the alleged inadequacy of training provided to Mr. Richardson's co-worker by Reliable" (Brief in Support at 5) is difficult to comprehend. Dr. Manning's initial report put the issue of Reliable's training at issue, even if plaintiff – for whatever reason – refused to recognize that the issue was properly part of the case.

Time's theory regarding Reliable's training is not "new"; it was not new in October, 2004, when Mr. Meeusen was deposed; it was not new in March, 2005, when Dr. Manning was deposed; it was not new in May, 2005, when plaintiff filed her original motion; and it is not new now. Because the issue is not a new one, plaintiff cannot claim surprise, nor can she claim prejudice – at least, not unfair prejudice. Instead, any prejudice which plaintiff claims she has or

5

will suffer must be attributed to her refusal to recognize Reliable's training as an issue in the case.

Plaintiff's current motion also urges the court to resort to Fed.R.Civ.P. 37(c)(1) as a basis for restricting the testimony of Dr. Manning. Rule 37(c)(1) provides in pertinent part as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. . . .

Under this rule, "'[t]he exclusion of non-disclosed evidence is automatic and mandatory ... unless non-disclosure was justified or harmless.'" Dickenson v. Cardiac and Thoracic Surgery of Eastern Tenn., P.C., 388 F.3d 976, 983 (6th Cir. 2004) (citation omitted). Where there is non-disclosure, the burden is on the potentially sanctioned party to prove harmlessness. Roberts v. Galen of Virginia, Inc., 325 F.3d 776, 782 (6th Cir. 2003).

Here, plaintiff's motion assumes that Time's disclosure was inadequate, without addressing how this is so. However, to the extent that plaintiff bases her current motion on the ground that Time did not disclose a theory of negligent training as required by Rule 26(a)(2), her motion must be denied. According to plaintiff, neither Time's original expert disclosure, nor its resubmitted disclosure "even hinted at any claim concerning the alleged inadequacy of the training provided to Mr. Richardson's co-worker by Reliable." Brief in Support at 5. Given the statements contained in Dr. Manning's report quoted above, plaintiff's argument is meritless. Time did disclose its theory, for Dr. Manning's report adequately raised the issue of the adequacy of Reliable's training. Plaintiff has failed utterly failed to show that Time withheld this theory

6

from plaintiff or failed to disclose it.  Under the circumstances, plaintiff is not entitled to relief under Rule 37(c)(1).

**Motion denied.**

Ordered this 19th day of September, 2005.

                                     /s/ Wendell A. Miles
                                    Wendell A. Miles
                                    Senior U.S. District Judge